[Crim. No. 4005. Second Dist., Div. One. July 18, 1946.]

THE PEOPLE, Respondent, v. ELMER JACKSON WELLS, Appellant.

Gladys Towles Root for Appellant.

Robert W. Kenny, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was accused by information of the crime of incest in three counts. A jury was duly waived. This is an appeal from the judgment of guilty on all counts.

It is contended on appeal that the evidence is insufficient to support the judgment.

The principal witness for the prosecution was defendant's daughter, who was the alleged victim of the offense. Juanita Wells, the daughter, was 21 years of age. It was established by the testimony of the daughter that the intimate relation between them had gone on for years; that they had always occupied the same bed.

■ Appellant's contention that the evidence is insufficient to support the judgment is based on the proposition that the daughter is an accomplice. There is testimony that the alleged acts were consented to, but, as the result of fear produced by threats. Assuming that the daughter was in fact and in law an accomplice, nevertheless, there was sufficient corroboration. It was established that after the arrest, defendant was confronted by the daughter and accused of the acts constituting the alleged offense. A shorthand reporter recorded the interview which was conducted in part by Officer Kellogg, a portion of which is as follows:

" 'Kellogg: Within the past two months he has had relations, sexual relations, with you two or three times a week?

" 'Juanita Wells: Yes.

" 'Kellogg: He is your true father, not your stepfather?

" 'Juanita Wells: Yes, my true father.

" 'Kellogg: He has kept you under very close supervision during working hours at the home? Does not let you go out with your mother, sisters or your mother?

" 'Juanita: No.

" 'Miss—— that is myself. During the time of the commission of all these acts you have objected?

" 'Juanita: I was doing it in fear.

" 'Kellogg: He threatened you if you ceased these acts, to cause you pain?

" 'Juanita: Yes.

" 'Kellogg: Has he hit you before?

" 'Juanita: Yes, because I wouldn't agree he would twist my arm.

" 'Kellogg: Well, have you any answer to any of that?' "
(Juanita Wells leaves the room.)

" 'Wells answers: I wanted to ask her; keeps mumbling.

" 'Kellogg: Have you had intercourse with your daughter any time over a period of four years?

" 'Wells: Well, I don't think it would be fair until I talked to Juanita.' "   (The girl Juanita is brought back into the room.)

" 'Wells to Juanita: I want to ask you, is it all over between you and me?

" 'Juanita: I guess it is.

" 'Kellogg: Do you mean in a sexual way?

" 'Wells mumbles: I don't know.

" 'Wells to Juanita: Do you want me to keep my mouth shut?

" 'Juanita: If it will make you feel better, you don't have to.  Just don't say anything.  I won't tell any lies.

(Juanita Wells leaves room.)

" 'Wells: Just let it go the way she said; I won't deny anything she says.

" 'Smith: Was it your fault all this happened?

" 'Wells: Yes, like everything she said.

" 'Smith: Isn't it a fact, as she stated, that you threatened her, practically forced your daughter to submit to your sexual passions?

" 'Wells: I heard her say so.

" 'Smith: Did she submit to your sexual passions; she did, didn't she?

" 'Kellogg: Is she lying?

(Wells mumbles.)

" 'Then: You have to ask her, I don't affirm and I don't deny.

" 'Kellogg: You don't deny any part of what she said in front of you?

" 'Wells: Would it do any good if I did?

" 'Kellogg: I am giving you an opportunity now of denying the statements made by your daughter, and ask you in the presence of Detective Sergeant Smith, myself and the stenographer here, do you deny them?

" 'Wells: Just let her tell what she wants to.

" 'Smith: Was she telling the truth?

" 'Wells: I don't admit all of it.

" 'Smith: Did you have sexual intercourse with your daughter?

" 'Wells: I won't admit that.' "

Officer Imler testified with regard to a visit one night to

defendant's house. The light was on in the room occupied by defendant. The witness testified, "the shades didn't meet with the edge of the window frame, it was possible to look into the room from two different angles so that I could see approximately three-quarters of the room. Q. Could you see the bed from where you stood? A. Yes, I could." The witness then described what occurred, which testimony in itself amounts to substantial corroboration.

No evidence was offered on behalf of defendant at the trial; the defendant did not testify.

There are no errors in the record, the judgment is affirmed.

York, P. J., and White, J., concurred.